IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY S. PALMER, LORI A. PALMER,
CHARLES BROWN, ROBIN BROWN,
J.F. RAMIREZ, TOMMY CLAY, MARY CLAY,
SAMUEL E. HOLCOMB, NANCY HOLCOMB,
JAMES D. COOK, BETH D. COOK,
HAROLD R. HOOVER and KIMBERLY S. HOOVER,

           Plaintiffs,

v.                          CIVIL ACTION NO. 2:05-0091

KOKOSING WEST VIRGINIA, LLC,
KOKOSING-FRUCON, LLC,
KOKOSING CONSTRUCTION COMPANY, INC., and
FRU-CON CONSTRUCTION CORPORATION,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Currently pending before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure or to join a party pursuant to Rule 19 of the Federal Rules of Civil Procedure. For the reasons stated below, the Court **GRANTS** Defendants' motion pursuant to Rule 19, but **DENIES** Defendants' motion pursuant to Rule 12(b)(7).

**I.
FACTS**

According to the Complaint, in or about 1997, the United States Army Corp of Engineers (Corp) began buying houses in the Holly Lawn and West Belle communities located in Kanawha County, West Virginia. The houses were being purchased in order to do construction and expand the Marmet Locks. By 2001, the majority of homes in Holly Lawn and West Belle were

purchased by the Corp. According to Defendants, the Corp contracted Defendant Kokosing-Frucon, LLC to work on the project, which began in August 2002, after the project was under way.

Plaintiffs are individuals whose property was not purchased by the Corp, but whose property borders, or is in very close proximity to, the construction site. Plaintiffs contend that, as a result of the heavy construction being done on the site by Defendants, they are experiencing vexatious noise and vibrations and bright nighttime lights. They also must contend with large amounts of dust and an influx of snakes and rats migrating through their yards. Plaintiffs claim that living in the area has become unbearable and their property is nearly, if not entirely, valueless. Therefore, Plaintiffs brought this action against Defendants requesting both damages and injunctive relief. Plaintiffs did not, however, bring an action against the Corp.

In their motion, Defendants argue that the Corp is an indispensable party to this action and Plaintiffs either should be required to join the Corp under Rule 19 or Plaintiffs' claims must be dismissed under Rule 12(b)(7).[1] On the other hand, Plaintiffs believe that all the damages they have

---

[1] Rule 12(b)(7) permits a motion to dismiss for "failure to join a party under Rule 19." *Fed. R. Civ. P.* 12(b)(7). Rule 19(a) provides:

> **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated

(continued...)

suffered are because of the activities of Defendants and not the Corp. Therefore, they do not believe it is necessary to join the Corp as a defendant. For the following reason, the Court finds that the Corp must be joined pursuant to Rule 19.

Rule 19 forces a court to question whether the action before it will affect parties not before it. *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999). It "'takes . . . account of the very real, very substantive claims to fairness on the part of outsiders that may arise in some cases.'" *Id.* (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 (1968)). Rule 19(a) requires joinder of a party who is subject to service of process and whose joinder will not destroy the court's subject matter jurisdiction if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or

---

[1](...continued)
> that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

*Fed. R. Civ. P.* 19(a).

> > (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> >
> > > (i) as a practical matter impair or impede the person's ability to protect that interest or
> > >
> > > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Fed. R. Civ. P.* 19(a). If a person meets either prong of Rule 19(a), they are known as necessary parties to the action. *Teamsters Local Union No. 171,* 173 F.3d at 917-18. The Court must join necessary parties as long as joinder is feasible. If joinder is not feasible, the Court must consider whether the party is indispensable under Rule 19(b). *Id.*[2]

In this case, the Court finds that the Corp easily fits under subsection (a). In their action, Plaintiffs are asking, in part, for injunctive relief and for a cease of operations that they claim are harming them. By way of affidavit, Defendant Kokosing-Frucon, LLC states that the project is being controlled by the Corp and it is the Corp that has defined the project's dimensions and

---

[2]Rule 19(a) and (b) require

> a two-step inquiry: first, whether a party is necessary to a proceeding because of its relationship to the matter under consideration; and second, if a necessary party is unavailable, whether the proceeding can continue in that party's absence. If it cannot, the party is indispensable and the action should be dismissed.

*Id*. (footnotes and citation omitted).

specifications and the type of equipment and the size of hammers Defendant can use. Defendant also is subject to a penalty if the project is not completed on time. Under these circumstances, it is likely that any injunctive relief granted to Plaintiffs will directly impact the Corp's project and, in that case, the Corps' rights would be affected by any judgment rendered between the existing parties. Moreover, if the Corp is not joined, Defendants could be faced with conflicting obligations from this Court and what the Corp requires under the contract, which could result in additional litigation. Clearly, joining the Corp meets the general policies behind Rule 19 "of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting absent persons from the possible prejudicial effect of deciding the case without them." 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure*, § 1604, at 39 (3rd ed. 2001). Accordingly, the Court finds that the Corp should be joined under Rule 19 and **DIRECTS** Plaintiffs to add the Corp as a Defendant to this action.[3] As the Court has ordered that the Corp be joined, the Court also **DENIES** Defendants' motion to dismiss pursuant to Rule 12(b)(7).

---

[3]The Court finds that neither party argues that there are any reasons why the Corp cannot be joined in this action. Therefore, at this point, the Court finds it is unnecessary to go through any analysis under subsection (b) of Rule 19 which applies to situations in which joinder is not feasible. The Court makes no comment on whether or not the Corp is an indispensable party as that issue is not presently before the Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 9, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE