# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

TIMOTHY S. PALMER, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 2:05-0091

KOKOSING WEST VIRGINIA, LLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States Army Corps of Engineers' (hereinafter the United States) Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. no. 32], and Kokosing West Virginia, LLC, Kokosing-Frucon, LLC, Kokosing Construction Company, Inc., and Fru-Con Construction Corporation's (hereinafter jointly referred to as Kokosing) Motion to Dismiss Due to Sovereign Immunity and Absence of Indispensable Party [doc. no. 21]. The parties also have briefed an issue raised regarding this Court's subject matter jurisdiction. On March 27, 2006, the Court held a hearing on all of these issues and ruled as follows.

The Court first addressed the issue of subject matter jurisdiction. In this case, Kokosing removed this matter from state court to federal court based upon what is commonly referred to as the federal officer removal statute found in 28 U.S.C. § 1442(a)(1). Under this statute, subject matter jurisdiction exists when the United States or any federal agency or officer, or any person "acting under that officer" is sued in an official or individual capacity for "any act under

color of such office." 28 U.S.C. 1442(a)(1), in part.[1]  As explained by the United States Supreme Court in *Willingham v. Morgan*, 395 U.S. 402 (1969), "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." 395 U.S. at 407.  Therefore, the Court held that the statute "should not be frustrated by a narrow, grudging interpretation" and it is not necessary for a defendant claiming immunity to win its case before removal is permitted. *Id*.  Here, Kokosing asserts that the actions being complained about by Plaintiffs are being taken pursuant to a contract it has with, and under the direction of, an agency of the United States, namely the United States Army Corps of Engineers.  Although Plaintiffs dispute Kokosing's entitlement to this defense, it seems clear to the Court that Kokosing has asserted a "colorable" federal defense.  Therefore, the Court finds that removal in this case was proper, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

---

[1]Section 1442(a)(1) provides in full:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

The next issue before the Court is the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. As background, the United States was not an original party to this action. However, Kokosing file a motion to force Plaintiffs to join the United States pursuant to Rule 19 of the Federal Rules of Civil Procedure. On June 9, 2005, the Court granted Kokosing's motion under Rule 19(a), but the Court specifically declined to determine whether the United States was an indispensable party under Rule 19(b). *See Memorandum Opinion and Order*, at 5 n.3. In accordance with the Court's Memorandum Opinion and Order, Plaintiffs filed a Second Amended Complaint naming the United States as a defendant. A Third Amended Complaint was then filed by stipulation of the parties.

In its motion to dismiss, the United States claims that it is entitled to sovereign immunity for the common law torts asserted by Plaintiffs because Plaintiffs have failed to exhaust their administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-79. In addition, even if Plaintiffs had exhausted their administrative remedies, the United States argues Plaintiffs only request injunctive relief which is not available under the FTCA.[2] Moreover, Plaintiffs have not alleged in the Third Amended Complaint that the United States has done anything wrong. At the hearing, Plaintiffs did not dispute these facts and stated they are considering going back and exhausting their remedies under the FTCA so they can bring a separate action under that Act. Given these facts, the Court agrees with the United States that it is entitled

---

[2] Only money damages are available under the FTCA. *See Smith v. Potter*, 187 F. Supp.2d 93, 98 (S.D. N.Y. 2001) (stating "[m]oney damages are the only form of relief permitted under the FTCA" (citations omitted)).

to sovereign immunity and, thus, **DISMISSES** this action against the United States **without prejudice**.[3]

Finally, Kokosing has moved to dismiss because it claims it is entitled to derivative sovereign immunity by virtue of the fact it is operating under its contract with the United States. As discussed at the hearing, there may be aspects of Plaintiffs' claims which ultimately may entitle Kokosing to derivative sovereign immunity. However, the Court finds that it is too early in the discovery process to be able to determine whether the doctrine should apply to each of Plaintiffs' claims because there are material issues of fact regarding the nature of the work and Kokosing's obligations under the contract. Moreover, for the reasons stated at the hearing, the Court finds that the United States is not an indispensable party under Rule 19(b) and, therefore, the claims against Kokosing will not be dismissed by virtue of the fact the United States has been dismissed. The parties can use the discovery process to determine the United States' position on key issues. Therefore, the Court **DENIES** Kokosing's motion **without prejudice**.

Accordingly, for the foregoing reasons and for the reasons stated at the hearing, the Court **FINDS** it has subject matter jurisdiction over the removal; it **GRANTS** the United States' motion to dismiss and **DISMISSES** the United States from this action **without prejudice**; and it

---

[3]Plaintiffs joined Ronnie and Carrie Dean as Plaintiffs in their Second and Third Amended Complaints. Although the Deans allegedly have exhausted their remedies under the FTCA, the fact that Plaintiffs only make claims for injunctive relief against the United States prevents the Deans' claim against the United States from being saved from dismissal. In addition, the Court finds that Plaintiffs abandoned their claim under the Administrate Procedures Act, 5 U.S.C. § 702, and, even if they had not, the Court finds it would not apply.

**DENIES** Kokosing's motion to dismiss **without prejudice**. The Court further **DIRECTS** the parties to conduct a Rule 26(f) meeting on or before **April 10, 2006**.

       The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

       ENTER:    March 29, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE