IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

TIMOTHY S. PALMER, et al.,

    Plaintiffs,

v.                              Case No. 2:05-cv-00091

KOKOSING WEST VIRGINIA, LLC, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

On July 25, 2006, Defendants filed a Motion to Compel Complete Discovery (docket # 72). The Motion lacks a certification that defense counsel attempted to meet and confer with Plaintiffs' counsel prior to seeking court intervention. In fact, Plaintiffs' Response (# 77) indicates that they have advised Defendants that they will promptly provide a copy of the tape recording in question, and the court takes Plaintiffs at their word. Defendants' Motion to Compel is **ORDERED** denied.

On July 27, 2006, Plaintiffs filed a Motion to Compel Responses to Discovery Requests (# 73). This Motion also lacks a certification that counsel has attempted to meet and confer, as required by Rule 37(a)(2), *Fed. R. Civ. P.* However, upon review of Defendants' discovery responses, the court takes this opportunity to advise counsel of its expectations.

Defendants' answers to interrogatories are unsatisfactory and

in violation of Rule 33(b), *Fed. R. Civ. P.* The answers are not verified; they do not answer the question posed. The objections are boilerplate; frequently they are not answered at all and the phrased, "To be disclosed," appears. Some answers merely refer to a deposition. Counsel are directed to read and heed this court's opinions in <u>Vica Coal Co., Inc. v. Crosby</u>, 212 F.R.D. 498 (S.D. W. Va. 2003) and <u>Saria v. Massachusetts Mutual Insurance Company</u>, 228 F.R.D. 536 (S.D. W. Va. 2005).

The court is unpersuaded by Defendants' assertion that Plaintiffs' motion is untimely. It is inappropriate to make a Rule 33(d) response, involving a large quantity of documents, and then attempt to invoke the timeliness rule.

It is true that some of Plaintiffs' discovery requests were so broadly worded as to make responding nearly impossible. Such discovery requests do not contribute to reaching the goal of Rule 1, *Fed. R. Civ. P.*, "to secure the just, speedy, and inexpensive determination of every action." Due to the failure to certify that counsel attempted to resolve their differences, it is hereby **ORDERED** that Plaintiffs' Motion to Compel is denied without prejudice.

The court expects discovery to be completed on time (December 18, 2006). Applying the new Local Rules, it is hereby **ORDERED** that the last date on which discovery requests may be served is **November 3, 2006**; the period between November 3 and December 18 is reserved

for taking depositions.  If future discovery disputes arise, the parties are encourage to meet and confer and, failing that, to contact the undersigned for an informal conference.

The Clerk is instructed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**ENTER**: September 6, 2006

Mary E. Stanley
United States Magistrate Judge